DAVENPORT & MORRIS v. W. J. LEARY, JR., Admr., et als.

*Appeal—Confession of Judgment.*

1. No particular assignment of error is necessary, when the appeal is taken from a judgment pronounced on an agreed statement of facts.

2. A judgment confessed under Section 571 of The Code must contain a verified statement of the facts and transactions out of which the indebtedness arose. Where the affidavit of the debtor set out that he was justly indebted to the judgment creditor in a certain amount, but did not embrace the account which was filed, *It was held*, not a compliance with the statute, and that the judgment was void.

(*Alexander* v. *Davidson*, 84 N. C., 621, cited and approved).

CIVIL ACTION, heard upon a case agreed, by *Gudger, Judge,* at Spring Term, 1886, of PERQUIMANS Superior Court.

The facts are as follows:

1. F. W. Bond died intestate in September, 1885, and administration was granted upon his estate, by the proper Court, to Wm. J. Leary, Jr., who is now acting as such. His estate is hopelessly insolvent. During the whole of the year 1884, said Bond was a resident of Chowan county.

2. At the date of the judgments named herein, and up to his death, Bond owned an interest in real estate in Perquimans county, which has been, since his death, duly sold, and the proceeds of sale after paying all prior liens, is under the control of Wm. J. Leary, Jr., administrator, for such of the judgment creditors herein named as the Court may adjudge entitled thereto.

3. Davenport & Morris claim by virtue of certain judgments obtained by them before a justice of the peace, aggregating four hundred dollars, and interest, and which were duly docketed in Perquimans county, August 20th, 1884.

4. Chas. Watkins & Co. claim by virtue of a judgment confessed by said Bond, in Chowan Superior Court, August 18th, 1884, in their favor, for three hundred and ten dollars and three cents, a transcript of which was docketed in Perquimans county, August 19th, 1884; copies of the affidavit on which this judgment was based, and the account filed with the same, are set out below.

5. Rawlins, Whitehurst & Co. claim the fund by virtue of a judgment confessed by Bond, in their favor, August 18th, 1884, for seven hundred and ninety-eight dollars and eighty-eight cents, in Chowan Superior Court, a transcript of which was docketed

in Perquimans county, August 19th, 1884; copies of the affidavit on which this judgment was based, the note and statement of account, are also set out below.

6. The affidavit, statement of account, original note, and judgment of the Clerk in case of Rawlins, Whitehurst & Co., were folded together on August 18th, 1884, by the Clerk, and endorsed on the back of the package, after giving the name of the cause, "Judgment confessed before Clerk," and the affidavit and statement of judgment in case of Watkins & Co. were also folded and endorsed in same way on the back, and on the same day.

Across the face of the above statement was written August 18th, 1884, "Judgment confessed, August 18th, 1884.

WM. R. SKINNER, Clerk."

The affidavit on which the judgment of Rawlins, Whitehurst & Co. was confessed, was as follows:

" *Whereas*, F. W. Bond is indebted to the firm of Rawlins, Whitehurst & Co., of the city of Norfolk, State of Virginia, in the sum of four hundred and thirteen dollars and forty cents, due by note dated July 5th, 1883, due September 6, 1883, and by open account, three hundred and eighty-five dollars and forty cents, the whole amount being up to this date, including interest, seven hundred and ninety-eight dollars and eighty-eight cents. Whereas, the said Bond, the defendant, at the instance of the plaintiffs to secure by way of judgment the said sum of $798.88, the said Bond hereby confesses judgment therefor, and makes oath that the said debt is *bona fide*, and that he justly owes the same, and under oath directs the Clerk of Chowan Superior Court to enter the same of record in his Court."

The note and account were as follows in the judgment of Rawlins, Whitehurst & Co.:

NORFOLK, VA., July 5, 1883.

$390.10.

Sixty days after date, I promise to pay to the order of Rawlins, Whitehurst & Co., three hundred and ninety dollars and

ten cents, at the Home Savings Bank of Norfolk, Va., without defalcation, for value received; and we, maker and endorser, do hereby waive the benefit of our homestead exemption as to this debt.

(Signed).                    F. W. BOND, Edenton, N. C.

No. 26,047, due September 6.

Mr. F. W. BOND,

Bought of Rawlins, Whitehurst & Co.

1883.

| | | | |
|---|---|---|---:|
| Jan. | 31, | 20,730 pounds of Ice | $ 31 10 |
| Feb. | 12, | 20,850 pounds of Ice | 31 28 |
| Feb. | 20, | 181,400 pounds of Ice | 272 10 |
| 1884. | | | |
| Feb. | 29, | 31,865 pounds of Ice | 55 62 |
| Feb. | 13, | 10,260 pounds of Ice | 17 89 |
| Feb. | 16, | 10,750 pounds of Ice | 18 81 |
| March | 8, | 121,980 pounds of Ice | 182 47 |
| March | 8, | two pairs of Hooks | 3 00 |
| March | 8, | 50,460 pounds of Ice | 75 64 |
| March | 8, | 40,620 pounds of Ice | 60 93 |
| March | 8, | 10,280 pounds of Ice | 15 42 |

$764 26

The note and account on which the judgment in favor of Chas. Watkins & Co. was entered, was substantially the same as in the case of Rawlins, Whitehurst & Co.

It was admitted: 1. That if neither of the said confessed judgments is valid, Davenport & Morris are entitled to judgment for the money and for costs against the defendants other than Leary, administrator.

2. That if either or both of the confessed judgments are valid, Davenport & Morris are not entitled to the money, and the other parties shall recover of them the costs of the action.

3. That if both the said confessed judgments are valid, Watkins & Co. and Rawlins, Whitehurst & Co. shall share the fund

*pro rata,* and judgment shall be rendered in accordance there-with.

4. That if only one of the said confessed judgments is valid, the parties owning the said valid judgment are entitled to the fund and judgment shall be so rendered.

The Court was of opinion, and so ruled, that the contesting creditors, the defendants Watkins & Co. and Rawlins, White-hurst & Co. were entitled to the funds in the hands of the administrator, in preference to the plaintiffs' claim, and directed the payment to be made to them *pro rata* according to the amount of their respective debts, and adjudged that the plaintiffs be taxed with the costs of the suit. From this ruling and judgment the plaintiffs appealed.

*Mr. W. D. Pruden,* for the plaintiffs.
*Mr. Chas. M. Busbee,* for the defendants.

SMITH, C. J. (after stating the facts). The plaintiffs' judgments, rendered by a justice of the peace, were docketed in the Superior Court, on the 20th day of August, 1884, while the others, confessed before the Clerk of the Superior Court of Chowan, were put upon the docket the day previous, would have priority, if effectual and sufficient as judgments. The ruling assumes them to be invalid, and hence this is the only question to be determined in the appeal.

The Code authorizes the entry of a judgment by confession, in or out of term, in the manner, and subject to the conditions mentioned in Section 571 and those succeeding. Among them it provides that when the claim is for money due, or to become due, there must be a statement in writing, verified by the oath of the debtor, of " the facts out of which it arose, and must show that the sum confessed therefor is justly due or to become due." The affidavits accompanying both judgments fail to show for what the debts were contracted, or the facts out of which the liabilities arose.

They simply aver that the debts are *bona fida* due, and truly owing to the named creditors. It is true an account rendered accompanies each, and is filed among the papers, but they are not embraced in the affidavits so as to assure their correctness with the superadded sanctions of the debtor's oath, which the statute makes essential to the proceedings.

The case cited in the brief of plaintiffs' counsel, *Alexander v. Davidson*, 84 N. C., 621, is an adjudication decisive of the question, and the clear and conclusive argument contained in the opinion leaves us nothing to say in its support.

A preliminary motion was made by appellants' counsel to dismiss the appeal, because the undertaking is not in the sum prescribed by law, nor has any other sum been fixed by the Court, which motion was afterwards withdrawn ; and further to affirm the judgment, for the reason that no specific errors are assigned.

This motion is overruled. An error is sufficiently assigned in an appeal from the ruling as to the law upon an agreed state of facts, by the party against whom the ruling is made. What greater particularity can be required ? The issue is joined by the adverse contentions as to the law arising upon the facts, and an appeal from an adverse decision distinctly presents it for review.

This is a compliance with the rule.

There is error, and the judgment must be reversed and judgment entered here for the contesting creditor-plaintiffs.

The appellees will pay the costs of the appeal.

Error.                                                    Reversed.