A. W. SMITH, ADMINISTRATOR OF ALEXANDER SMITH, v.
R. P. L. SMITH et al.

*Confession of Judgment— Validity—Irregular and Void,*
*When.*

1. A confession of judgment being in derogation of common right,
   the statute requires that the consideration out of which the
   debt arose must be stated and an averment that the debt for
   which judgment is confessed "is justly due."

2. If all the statutory requirements in a confession of judgment
   are not complied with, the judgment is irregular and void
   because of a want of jurisdiction in the court to render
   judgment which is apparent on the face of the proceedings.

THIS was a civil action heard at Fall Term, 1895, of
Davidson Superior Court, by *Hon. W. L. Norwood, Judge*
*Presiding,* brought to set aside a judgment confessed by
Alexander Smith, intestate of plaintiff A. W. Smith, in
favor of defendants.

When the case was called for trial and before a jury
was impanelled plaintiff's counsel exhibited said confes-
sion of judgment and moved to set aside the same for
irregularities appearing on the face thereof, in this, "1.
That the confession does not state sufficiently the considera-
tion of the note. 2. That the confession does not state said
debt was justly due." His Honor granted the motion and
adjudged that said judgment is null and void and that the
same be set aside. To which ruling defendants excepted
and appealed.

The confession of judgment was as follows:

NORTH CAROLINA,
Davidson county.      *In Superior Court.*

R. P. L. Smith, L. F. Smith, Plaintiffs,
        *v.*             Statement and
Alexander Smith, Defendant.      Confession.

On the 10th day of May, 1893, I made and delivered to

the plaintiffs my promissory note or bond of which the following is a copy, to-wit:

"$610.29.

"One day after date I promise to pay R. P. L. Smith and L. F. Smith the sum of six hundred and ten dollars and twenty-nine cents for value received of them. Witness my hand and— May 10, 1893.

ALEXANDER SMITH. [SEAL.]

"The consideration of said note or bond was one horse for $30.00, 18 bushels wheat for $18.00, and five hundred sixty-two dollars and twenty-nine cents ($562.29) borrowed money, I promised to repay with interest one day after date and to secure the payment of said sum the annexed note was given.

"I hereby confess judgment in favor of the above named plaintiffs, R. P. L. Smith and L. F. Smith, on said note or bond for the sum of six hundred ten dollars and twenty-nine cents, the principal which bears interest at the rate of 6 per cent. from the 10th day of May, 1893, till paid, and I hereby authorize the entry of judgment therefor against me.

(Signed) ALEXANDER SMITH.

"Alexander Smith being duly sworn says the facts stated in the above confession are true.

(Signed) ALEXANDER SMITH.

"Sworn and subscribed before me May 13, 1893.

"H. T. PHILLIPS, C. S. C."

"On filing the within statement and confession, it is adjudged by the court that the plaintiffs do recover of the defendant the sum of six hundred ten dollars and twenty-nine cents with three dollars cost with interest on $610.29 from May 10, 1893, till paid.

This May 13, 1893.

H. T. PHILLIPS, Clerk Superior Court."

Attached firmly to said confession is the following note, to-wit :

"$610.29.

"One day after date I promise to pay R. P. L. Smith and L. F. Smith the sum of six hundred and ten dollars and twenty-nine cents for value received of them.

"Witness my hand and—May 10, 1893.

ALEXANDER SMITH. [SEAL.]"

Across the face of said note is written these words, to-wit : "Confession of judgment before the clerk, May 13, 1893."

*Messrs. Watson & Buxton*, for plaintiff.

*Messrs. Robbins & Raper*, for defendants (appellants).

CLARK, J. : In an adversary proceeding to recover on a bond the seal imports a consideration, and the production of the bond by the plaintiff uncancelled raises a presumption that it has not been paid.  This is not the case as to "confessions of judgment" under the *Code*, Sec. 571.  That proceeding is in derogation of common right and, to prevent the perpetration of fraud in such cases, that section requires that the consideration be stated and that it appear that the amount for which the judgment is confessed is justly due.  If the statutory requirements are not complied with the judgment is irregular and void because of a want of jurisdiction in the court to render judgment, which is apparent on the face of the proceedings.  *Davidson* v. *Alexander*, 84 N. C., 621 ; *Davenport* v. *Leary*, 95 N. C., 203.  "It is not sufficient, to simply confess and enter judgment.  It is essential that the confession and entry shall have the additional requisites further prescribed by *The Code*, Sections 571 and 572," (i. e. authority to enter the judgment and statement of the consideration and that

the amount is justly due) *Sharpe* v. *Railroad*, 106 N. C., 308, 319. In the present case the nature of the consideration is sufficiently stated. *Uzzle* v. *Vinson*, 111 N. C., 138. But there is a fatal defect in the significant failure either to allege or to set out facts which would show that the amount for which the judgment was confessed was still "justly due." The statute requires this to be done to confer jurisdiction. It is true the bond is averred to have been given for a valid consideration, but *non constat* that it was still due. There is no presumption that it was. It must appear by the affidavit. In *Bank* v. *Cotton Mills*, 115 N. C., 507, relied on by the defendants, it is expressly and fully recited in the power of attorney to confess judgment that the debt is "justly due." In the absence of such statement, or the statement at least of facts showing that the debt was still due, the judgment was properly held void, for without compliance with the statute on the face of the proceeding the court had no jurisdiction to enter up the judgment.                                    No Error.