## MARTIN v. BRISCOE.

(Filed December 11, 1906).

*Confession of Judgment—Requisites of Affidavit—Estoppel —Dormant Judgment—Revival—Appeal from Clerk— Practice.*

1. Confession of judgment under Revisal, section 581, requires that there should be a statement in writing signed by the defendant and verified by his oath and stating: (1) the amount for which judgment may be entered, and authorizing its entry; (2) if for money due, a concise statement of the facts out of which the debt arose, and it must show that the sum confessed is justly due, but the statement that the controversy is real and the proceedings in good faith is not required as it is in a "controversy submitted without action."

2. Where the confession of judgment sets out that the amount of $823.15 is due plaintiff by defendant for part of "bills of goods bought from plaintiff by defendant and received by him between 1 January, 1896, and October, 1896," and said amount is "part of bills of groceries bought in the time named," this is sufficient, in the absence of any attack by a creditor, where the debtor himself, after an acquiescence of six years, is urging a defect in his own confession of judgment, with no suggestion of any fraud or imposition in securing the confession nor any denial of the debt, and should the judgment be held invalid the debt would be barred.

3. Where a motion to revive a dormant judgment was before the Judge by appeal, it was optional with him to reverse the Clerk and remand the case to him with directions how to proceed, or himself to grant the motion to revive the judgment and to order execution to issue.

CONNOR and WALKER, JJ., dissenting.

ACTION by J. S. Martin & Son against W. L. Briscoe, pending in the Superior Court of RUTHERFORD, and heard by *Judge M. H. Justice,* resident Judge, on 28 September, 1906.

This was a motion upon affidavit and notice to revive a dormant judgment. The defendant had confessed judgment in favor of the plaintiff as follows:

MARTIN v. BRISCOE.

NORTH CAROLINA—Rutherford County.

In the Superior Court, November Term, 1896.

J. S. MARTIN & SON v. W. L. BRISCOE.

That there is due from him to the plaintiffs above named the sum of eight hundred and twenty-three dollars and fifteen cents ($823.15).

That the amount is partly due from defendant to plaintiffs for bills of goods bought from plaintiffs by the defendant and received by him during the time elapsing between 1 January, 1896, and October, 1896, and that the amount of eight hundred and twenty-three dollars and fifteen cents is part for bills of groceries bought in the time named.

And the defendant, W. L. Briscoe, hereby confesses judgment in favor of plaintiffs for the sum of eight hundred and twenty-three dollars and fifteen cents, and hereby authorizes the Court to enter judgment against him and in plaintiffs' favor for the amount.

W. L. Briscoe, the defendant above named, being sworn, makes oath that the facts set forth in the foregoing confession of judgment is made in good faith.          W. L. BRISCOE.

Sworn to and subscribed before me, this 14 November, 1896.
                                                  T. C. SMITH, C. S. C.

On the back of same the following entry of judgment:

Whereas the defendant, W. L. Briscoe, has filed the foregoing statement and affidavit, it is adjudged by the Court that the plaintiff recover of the defendant the sum of eight hundred and twenty-three and 15-100 dollars ($823.15), together with three dollars ($3) costs of this confession of judgment.

This 14 November, 1896.          T. C. SMITH,
                    Clerk Superior Court for Rutherford County.

The defendant contends that the original affidavit of W. L. Briscoe, the defendant, was not sufficient to authorize the entry of judgment by confession, and that such judgment was void for the want of jurisdiction.

Upon hearing the cause the Clerk of the Superior Court held the judgment invalid and refused to revive it. On appeal, this was reversed, and the defendant appealed.

*B. A. Justice* for the plaintiff.
*McBrayer & McBrayer* for the defendant.

CLARK, C. J. This is a "judgment confessed" under Code, 570, now Revisal, 580, and not a "controversy submitted without action" under Code, 567, now Revisal, 803. Hence, the authorities cited upon the construction of the latter section have no application. "Confession of judgment" does not require, like the "submission of a controversy without action," that the affidavit shall set out that the controversy is real and the proceedings are in good faith, though the latter statement is in fact made in the affidavit in this case. It is sufficient (Rev., 581) that there should be a statement in writing signed by the defendant and verified by his oath and stating: (1) the amount for which judgment may be entered, and authorizing its entry; (2) if for money due, a concise statement of the facts out of which the debt arose, and it must show that the sum confessed is justly due.

There can be no controversy raised except as to whether there is "a concise statement of the facts out of which the debt arose" and which "shows that the sum confessed is justly due." The confession is not very skilfully drawn, but it does set out that the amount of $823.15 is due plaintiff by him for part of "bills of goods bought from plaintiffs by defendant and received by him between 1 January, 1896, and October, 1896," and said amount is "part of bills of groceries bought in the time named."

It would seem that this was a sufficient statement of "the facts out of which the debt arose," and "shows that the sum confessed is justly due," especially in view of the fact that there is no objection here to the validity of this judgment by any creditor, but it is the debtor, the defendant, who is urging a defect in his own confession of judgment, and is seeking thereby to impeach his own affidavit that the debt was due and his authorization that judgment be entered against himself, and this after acquiescence in said judgment for nearly six years.   There is no suggestion of fraud or imposition in securing the confessing of judgment or any denial that the debt was not then due, nor any denial of the plaintiffs' affidavit that it has not been paid since.   Should the defendant set aside this confession of judgment the statute would now be a bar to the debt.

In *Smith v. Smith,* 117 N. C., 348, which was a proceeding by an administrator of the confessing debtor, representing creditors to set aside a judgment confessed, there was no statement in the confession that the debt was due, nor of any "facts showing that the debt was still due."   Here it is explicitly stated in the defendant's affidavit that the amount confessed "is due."   In *Bank v. Cotton Mills,* 115 N. C., 508, it was held that when the confession of judgment is for "goods sold and delivered," that is sufficient to show the debt was justly due, without stating "time of sale (though this was given here), quantity, price and value of the goods." In that case it was also held that filing such confession of judgment is equivalent to authority to enter judgment.   In the present case there is express authority to enter judgment, and his Honor properly allowed the motion to revive the judgment and to issue execution.

We would not be understood as passing upon the question of the validity of such judgment confessed if it were attacked by a creditor, or even if the defendant had assailed it on the

ground of fraud or imposition or denied the debt. We place this decision upon the ground of estoppel—the original affidavit by defendant that the debt was due the plaintiff, his acquiescence in the judgment for six years, his failure in this proceeding to deny the plaintiffs' allegation (made under oath) that the debt is still due, the absence of any averment by defendant of fraud, mistake or imposition, and the fact that if the judgment should be now held invalid, at defendant's instance, for informality, after having been entered at defendant's request, he would be protected by the statute of limitation.

The case being before the Judge by appeal, it was optional with him to reverse the Clerk and remand the case to him with directions how to proceed, or himself to grant the motion to revive judgment and to order execution to issue. *Faison v. Williams,* 121 N. C., 152; *Roseman v. Roseman,* 127 N. C., 497; *Ewbank v. Turner,* 134 N. C., 80.

Affirmed.

HOKE, J., concurs in result.

CONNOR, J., dissenting: I regret that I cannot concur in the opinion of the majority of the Court in this case. This Court has uniformly held, beginning with the case of *Davidson v. Alexander,* 84 N. C., 621, that a judgment confessed pursuant to the provision of section 803 of the Revisal is invalid unless the requirements of the statute be strictly complied with. I do not think that, tested by what is said in that case, and every other decision of the Court which follows and approves it, the record before us is in accordance with the statutory requirement, that it must state concisely the facts out of which the indebtedness arose. We have in this case a statement "that the amount is partly due from defendant to plaintiffs for bills of goods bought from plaintiffs by the defendant and received by him during the time elapsing be-

tween 1 January, 1896, and October, 1896, and that the amount of $823.15 is part for bills of groceries bought in the time named."

There is a painful uncertainty in respect to the facts out of which the alleged indebtedness arose. It is said that it is "partly due" and that the amount is "part for bills of groceries." The very pertinent inquiry arose, What part of it is due for goods bought and what part is for bills of groceries? There is nothing in the statement which gives the slightest response to this inquiry. As was said by *Ruffin, J.,* in *Davidson v. Alexander, supra,* "The object of the statute in this is to protect the other creditors of the debtor; to enable them not only to see the extent of his liabilities, but to test the *bona fides* of this particular debt to which he is giving a preference; and that they may have full opportunity to do this, the parties are commanded to spread upon the record specifically the circumstances and business transactions out of which it originated. A mere statement that the defendant is indebted to the plaintiff in a sum certain arising from the acceptance of a draft, of which the following is a copy, etc., falls far short of the demands of the statute." The language of the learned Justice is applicable to the record in this case. "Compared with these requirements, how meager is the information as to the consideration of the debt and the transaction out of which it grew, is the statement of the debtor when confessing the judgment under consideration." What is there in this statement of facts which would enable a creditor to institute an investigation to ascertain the *bona fides* of the debt? He is told that the amount for which judgment is confessed is "partly due" and is "part for" bills of groceries, etc. He would seek in vain for any information given him by the record by which he would be enabled to test the validity of the judgment. This Court has with absolute uniformity applied the principle announced in

MARTIN *v.* BRISCOE.

*Davidson v. Alexander, supra.* In *Davenport v. Leary,* 95 N. C., 203, the judgment was declared void because the confession of judgment did not embrace the account upon which it was based.

In *Smith v. Smith,* 117 N. C., 348, in which all the cases are reviewed, it is said, referring to the section of The Code in question: "The proceeding is in derogation of common right, and, to prevent the perpetration of fraud in such cases, that section requires that the consideration be stated and that it appear that the amount for which the judgment is confessed is justly due. If the statutory requirements are not complied with the judgment is irregular and void because of a want of jurisdiction in the Court to render judgment, which is apparent on the face of the proceedings. * * * In the absence of such statement, or the statement at least of facts showing that the debt was still due, the judgment was properly held void, for without compliance with the statute *on the face of the proceeding the Court had no jurisdiction to enter up the judgment."*

I cannot concur in the suggestion that any estoppel can arise against the parties to the judgment, because it is absolutely void, as the Court is without jurisdiction; hence, whenever it is called to the attention of the Court and any relief asked upon it, the application should be declined. While it may be conceded that leave to issue execution would not affect the rights of creditors to attack the judgment, it is at least a recognition of its validity which should not be had. In my opinion, there is no judgment upon which the Court can direct execution to issue.

WALKER, J., concurs in this dissenting opinion.