FARMERS BANK OF CLAYTON v. NELLIE HORNE McCULLERS ET AL.

(Filed 7 October, 1931.)

1. **Deeds and Conveyances A f—Deed from wife to husband not conforming to requirements of C. S., 2515 is void.**

   The failure of the certificate of a deed to lands from a wife to her husband to state that the conveyance was "not unreasonable or injurious to her" renders the instrument void. C. S., 2515.

2. **Appeal and Error J e—New trial will not be granted where error does not prejudice rights of appellant.**

   An erroneous ruling or action of the trial judge in a civil action will not entitle the objecting party to a new trial when he could by no possibility be injured by the error.

3. **Judgments C a—Jurisdiction to enter judgments by confession.**

   A judgment by confession may be entered in conformity with the statutory requirements in term by the judge, or out of term by the clerk, for money due or to become due, or to secure against a contingent liability, or for both such debt and liability. C. S., 623. As to whether the probate certificate to protect the wife is necessary, *quaere* and not expressly decided. C. S., 2515.

4. **Judgments C b—Judgment by confession must show with particularity the items and facts upon which it is based.**

   A judgment confessed becomes a lien on the lands of the party confessing it from the time of its docketing as in case of other judgments,

BANK v. McCULLERS.

but in order to protect the rights of other creditors it is necessary that the essential requirements of the statute be followed, and the statute requires that the statement upon which the judgment is based, if for money due or to become due, should show with particularity the facts out of which it arose and the items constituting the claim and that the amount confessed is justly due, and when for a contingent liability, the facts constituting such liability and that the amount confessed does not exceed it. C. S., 624.

5. **Same—Judgment by confession in this case held insufficient.**

Where a judgment confessed by a wife in favor of her husband shows only that it was based upon a sum alleged to be due on account of money advanced by the husband from time to time to take care of obligations due at the banks by the wife, and fails to state the items constituting the claim, when advanced and to whom, and that the advancements were not gifts to the wife, the judgment is insufficient to meet the requirements of the statute, and is void.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1931, of JOHNSTON.

Civil action instituted by Farmers Bank of Clayton, judgment creditor of Nellie Horne McCullers, to set aside two alleged voluntary conveyances and purported confession of judgment, alleged to have been executed and entered by the said Nellie Horne McCullers in favor of her husband, E. H. McCullers, fraudulently and with intent to delay, hinder and defeat the rights of plaintiff and other creditors. See case as stated on first appeal in 200 N. C., 591, 157 S. E., 869.

Under peremptory instructions, that if the facts were found to be as shown by all the evidence the issues should be answered in favor of the plaintiff, the jury returned the following verdict:

"1. Was the deed from Nellie Horne McCullers to her husband, E. H. McCullers, dated 30 November, 1928, recorded in Book 211, page 68, registry of Johnston County, void for failure to comply with C. S., 2515? Answer: Yes.

"2. Was the deed from Nellie Horne McCullers to her husband, E. H. McCullers, dated 30 November, 1927, recorded in Book 211, at page 82, registry of Johnston County, void for failure to comply with C. S., 2515? Answer: Yes.

"3. Was the judgment dated 28 February, 1929, recorded in judgment docket 14 at page 237, in the office of the clerk of the Superior Court of Johnston County, confessed by Nellie Horne McCullers in favor of her husband, E. H. McCullers, void for failure to comply with C. S., 2515? Answer: Yes."

It is conceded that the deeds in question, executed by the wife to the husband during coverture, were not probated as required by C. S., 2515.

The confession of judgment and judgment entered thereon are in words and figures as follows:

CONFESSION OF JUDGMENT.

"North Carolina—Johnston County.

In the Superior Court—Before the Clerk.

### Dr. E. H. McCullers v. Mrs. Nellie Horne McCullers.

1. I, Nellie Horne McCullers, defendant in the above entitled action, hereby confess judgment in favor of Dr. E. H. McCullers, plaintiff for the sum of $2,600, with interest from this date   ............ , and authorize the entry of judgment therefor against me on 28 February, 1929.

2. The confession of this judgment is for a debt justly due by me, the said Nellie Horne McCullers, to the said Dr. E. H. McCullers, plaintiff, arising from the following facts, to wit:

Balance due on account of money advanced by said Dr. E. H. McCullers for affiant from time to time to take care of obligations due by this affiant at banks, which said sum is due to the plaintiff by the defendant over and above all just demands that she has against him.

Nellie Horne McCullers.

Nellie Horne McCullers, being duly sworn, says that the facts set out in the above confession are true, and the amount of judgment confessed is justly due the plaintiff.

Sworn to and subscribed before me, this 28 February, 1929.

Weisner Farmer, N. P.

My commission expires 8-17-29.      (N. P. Seal.)

JUDGMENT.

North Carolina—Johnston County.                    In the Superior Court.

### Dr. E. H. McCullers v. Nellie Horne McCullers.

This cause coming on to be heard upon the confession of judgment of the said Nellie Horne McCullers, it is, therefore, considered, adjudged and ordered that the plaintiff, Dr. E. H. McCullers, recover of the defendant, Nellie Horne McCullers, the sum of $2,600, with interest from this date.

Witness my hand and seal, this 28 February, 1929.

H. V. Rose, C. S. C."

From a judgment declaring the deeds and confession of judgment void and of no effect, and ordering their cancellation of record, the defendants appeal, assigning errors.

*Parker & Lee, Abell & Shepherd and Ed. F. Ward for plaintiff.*
*F. H. Brooks and Winfield H. Lyon for defendants.*

STACY, C. J. It is conceded that the deeds in question, executed be-
tween husband and wife during coverture, which purport to affect or
change the real estate of the wife, were not probated as required by
C. S., 2515, in that, the officer in each instance failed to certify in his
certificate of probate that at the time of its execution and the wife's
privy examination, such contract was "not unreasonable or injurious
to her." This omission renders the deeds void. *Capps v. Massey,* 199
N. C., 196, 154 S. E., 52; *Caldwell v. Blount,* 193 N. C., 560, 137
S. E., 578; *Garner v. Horner,* 191 N. C., 539, 132 S. E., 290; *Best v.
Utley,* 189 N. C., 356, 127 S. E., 337; *Whitten v. Peace,* 188 N. C.,
298, 124 S. E., 571.

It may be doubted whether a confession of judgment made, signed,
and verified by a wife during coverture in favor of her husband is re-
quired to be probated according to the provisions of C. S., 2515. Judg-
ments by confession differ from judgments by consent (*Ellis v. Ellis,*
193 N. C., 216, 136 S. E., 350), in that the court exercises a certain
amount of supervision over their entry and equitable jurisdiction over
their subsequent status. *Farwell v. Huston,* 151 Ill., 239, 37 N. E., 864,
42 A. S. R., 237; 15 R. C. L., 647. The manner and method of their
confession and entry are regulated by statute and not by agreement or
consent of the parties. *Smith v. Smith,* 117 N. C., 348, 23 S. E., 270;
note, 12 L. R. A., 810; 15 R. C. L., 647; 34 C. J., 97.

But without making definite decision on this point, the confession of
judgment seems to be void on its face for another reason, hence it would
serve no useful purpose to send the case back, even if the reason assigned
for vacating it be erroneous. *Rankin v. Oates,* 183 N. C., 517, 112 S. E.,
32. "A new trial will not be granted when the action of the trial judge,
even if erroneous, could by no possibility injure the appellant." *Butts v.
Screws,* 95 N. C., 215.

A judgment by confession, without action, may be entered of record,
either in term by the judge, or out of term by the clerk, (1) for money
due or to become due, or (2) to secure against contingent liability, or
(3) for both such debts and liability. C. S., 623; *Sharp v. R. R., 106*
N. C., 308, 11 S. E., 530.

It is essential to the validity of such a judgment, however, that it be
confessed and entered of record according to the provisions of the statute,
*i. e.,* a statement in writing must be made, signed, and verified by the
defendant, setting out the amount for which judgment may be entered,
and authorizing the entry of judgment therefor. C. S., 624, subsec. 1.
If the confession be for money due or to become due, the statement must
contain concisely the facts out of which it arose, and must show that the
sum confessed is justly due, or to become due. C. S., 624, subsec. 2.

If the confession be to secure against contingent liability, the verified statement must give concisely the facts constituting the liability, and must show that the sum confessed does not exceed the same. C. S., 624, subsec. 3. If the confession be for both such debts and liability, the statement must set forth concisely the facts out of which the debts arose, and must show that the sum confessed therefor is justly due, or to become due, and also state concisely the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same. These are essential matters required by the statute to confer jurisdiction on the court, and to insure validity of the judgment. *Smith v. Smith, supra.*

It is provided by C. S., 625, that the statement or confession may be filed with the clerk of the Superior Court of the county in which the defendant resides, or, if he be a nonresident, of some county in which he has property. The clerk is required to endorse upon it, and enter on his judgment docket, a judgment of the court for the amount confessed, with three dollars costs, together with disbursements. The statement and affidavit, with the judgment endorsed, thenceforth become the judgment roll, upon which execution may issue and be enforced in the same manner as upon judgments in other cases in such courts. Observance of these provisions is also a prerequisite to the validity of the judgment. *Sharp v. R. R., supra.*

The purpose of requiring the facts out of which the debt arises, or which constitute the contingent liability, to be stated concisely, but accurately, is to prevent fraud and to protect the other creditors of the debtor, over whose claims a preference is thereby sought to be given, for, while the judgment is summary, nevertheless, when docketed, it at once becomes a lien upon the defendant's real estate. As an earnest of the bona fides of the particular debt or liability, the defendant is required to individualize the claim or liability by spreading upon the record the circumstances and transactions out of which it springs so that another debt or liability could not thereafter be substituted in its stead. *Davidson v. Alexander,* 84 N. C., 621; *Clement v. Gerow,* 30 Barb. (N. Y.), 325. In some of the cases it is said that the debt or liability should be identified with such certainty and particularity as would aid a conviction for perjury if the statement of it be false, or support a plea of *res judicata* should a subsequent action be instituted thereon. *Davenport v. Leary,* 95 N. C., 203. The statement should also give assurance that the consideration underlying the judgment is fair and honest. *Sharp v. R. R., supra.* A confession of judgment does not of itself import a consideration; hence, for this reason, the statement must show that the sum confessed is justly due, or to become due, or does not exceed the contingent

liability. *Martin v. Briscoe,* 143 N. C., 353, 55 S. E., 782; *Bank v. Cotton Mills,* 115 N. C., 507, 20 S. E., 765.

In the instant case, all that the judgment roll discloses, relative to the circumstances out of which the debt arose, is "balance due on account of money advanced . . . from time to time to take care of obligations due . . . at banks." But it is not stated over what period of time these advancements were made, or how much was advanced at any particular time. Nor does it appear that said advancements were not gifts on the part of Dr. McCullers to his wife. *Arrington v. Arrington,* 114 N. C., 116, 19 S. E., 278; *Loyd v. Loyd,* 113 N. C., 186, 18 S. E., 200; 30 C. J., 702; 13 R. C. L., 1381. This renders the judgment entered on the confession void as against creditors. *Smith v. Smith, supra;* 34 C. J., 114 *et seq.*

In *Stratton v. Wilson,* 170 Ky., 61, 185 S. W., 522, Ann. Cas., 1918B, 917, it was held (as stated in the 11th headnote) : "Where a husband had on a trip abroad given his wife express checks for their expenses amounting to $800, and at another time had sent her $2,000 in a draft, and there is no showing that he intended that she should account therefor, she is entitled to retain the same on his death."

With the deeds and judgment in question void, for the reasons herein stated, the proceeding will be upheld, as the correct result has been reached.

No error.