CLOSS GIBBS AND J. H. JARVIS, AMERICAN AGRICULTURAL CHEMI-
    CAL COMPANY, MARTHA E. JACKSON, INDIVIDUALLY, AND AS EXECU-
    TRIX OF THE WILL OF DR. C. C. JACKSON, DECEASED, v. G. H. WESTON
    & COMPANY, MRS. FANNIE DRURY, WALTER (W. H.) BENSON,
    AND S. O. JONES, SHERIFF OF HYDE COUNTY.

(Filed 25 February, 1942.)

1. **Judgments § 5—**

    The statutory authorization of the entry of judgments by confession is in derogation of common right, and the statutes must be strictly construed. C. S., 623-625.

2. **Same—Court must render judgment by confession upon duly verified statement, and mere filing and docketing statement is insufficient.**

    The filing of a verified statement and affidavit authorizing the entry of a judgment by confession is necessary to confer jurisdiction upon the

clerk to render such judgment, but the verified statement, in itself, even though recorded on the judgment docket, indexed and cross-indexed, is not effective as a judgment of the court, even though the clerk intend it to be so effective, the rendition of the judgment being the distinct office of the court apart from and in addition to the ministerial acts of filing and docketing.

**3. Judgments § 19d—**

The filing of a verified statement and affidavit authorizing the entry of judgment by confession, which is recorded on the judgment docket, indexed and cross-indexed by the clerk without entry of judgment thereon, is ineffective as against creditors whose judgments are subsequently docketed.

APPEAL of defendants, G. H. Weston & Company and Mrs. Fannie Drury, from *Frizzelle, J.,* at October Term, 1941, of HYDE. Affirmed.

On 18 June, 1929, W. H. Benson filed a verified statement before C. L. Bell, clerk of the Superior Court of Hyde County, confessing judgment and authorizing the entry of judgment in conformity therewith for $393.79, with interest from 5 September, 1925, which statement and affidavit was recorded in the judgment docket. There is added to the entry the following: "Reference is hereby made to Judgment Docket No. 10, page 315, Judgment No. 2977, for renewal judgment. This April 12, 1939. Wm. I. Cochran, CSC." On 1 April, 1939, the said W. H. Benson filed a similar verified statement and affidavit confessing judgment before William I. Cochran, clerk of the Superior Court of Hyde County, and authorizing judgment to be entered thereon, which affidavit and confession is recorded in Judgment Docket No. 10, at page 315, in the office of the clerk of the Superior Court of Hyde County, with notation: "Docketed April 12, 1939, at 2 P. M. No. 2977." The verified statement or confession of judgment refers to the confession of judgment rendered 18 June, 1929, by reference to the judgment docket, page of entry, and number of the purported judgment, and is for the same amount— $393.79 and interest from 5 September, 1925—as in the original confession of judgment; and the statement explains "that it is the intention of the defendant to continue said judgment in full force and effect from the date hereinafter set out." Following the statement and affidavit there is the notation: "Reference is hereby made to Judgment Docket No. 5, page 255."

There was nothing else done either by the defendant W. H. Benson or the clerk of the Superior Court with respect to either of these proceedings, and the clerk did not endorse on either of said statements the judgment of the court nor any judgment upon either of them on his judgment docket. But the trial judge found as a fact that in each of them "the said Clerks of the Superior Court in copying said statement, affidavit and confession of judgment verbatim in the judgment dockets

. . . meant and intended the same to be and operate in fact as a formal judgment of the Court thereon, and the same were duly cross-indexed in the judgment dockets of said Court." Upon the purported confession of judgment last mentioned execution was issued 26 August, 1941, returnable 25 October, 1941.

The plaintiffs herein, who had obtained various judgments subsequently to the foregoing proceedings and entry of the same upon the judgment docket, brought this action to restrain the sale of the lands under the execution and obtained a temporary restraining order. Upon the hearing thereupon the lower court made certain findings of fact and conclusions of law, holding that the confessions of judgment, while good between Benson and G. H. Weston & Co. and Mrs. Drury, were invalid and of no effect with regard to the plaintiffs and the judgments held by them, and that all the judgments of plaintiff were prior liens upon the property by reason of the fact that no judgment had been endorsed upon the verified statements authorizing entry of judgment by confession, and in point of law had not been rendered thereupon. The injunction was continued to the hearing.

From this judgment the defendants, G. H. Weston & Co. and Mrs. Fannie Drury, appealed assigning error.

*O. L. Williams for plaintiff, appellee.*
*Carter & Carter and Geo. T. Davis for defendant, appellant.*

SEAWELL, J. Chapter 12, art. 24, of the Consolidated Statutes (C. S., 623-625 inclusive), authorizes the entry of judgment by confession of the debtor evidenced by his written statement, duly verified, the contents of which must be substantially as set out in C. S., 624.

The verified statement is jurisdictional, both as to its filing and as to its contents. *Cline v. Cline,* 209 N. C., 531, 535, 183 S. E., 904; *Farmers Bank of Clayton v. McCullers,* 201 N. C., 440, 160 S. E., 494; *Smith v. Smith,* 117 N. C., 348, 23 S. E., 270; *Davidson v. Alexander,* 84 N. C., 621. Since the proceeding is in derogation of common right, the statute authorizing this form of judgment must be strictly construed. *Smith v. Smith, supra.*

A question has been raised here as to the sufficiency of the statement, which we do not find it necessary to consider as our decision turns upon a more serious defect.

It is settled in this jurisdiction that the mere filing and entry of a verified statement as required by the statute, although recorded on the judgment docket, and cross-indexed as judgments are, will not be effective as a judgment under the statute. *Farmers Bank of Clayton v. McCullers, supra.* The verified statement must be regarded as a means by which the

court acquires jurisdiction and authority and the information upon which it may render its judgment, and the intention of the clerk that it should have the effect of a judgment is of no significance.

The statute—C. S., 625—provides that "the statement and affidavit, with the judgment endorsed, thenceforth become the judgment roll." The rendition of judgment in a proceeding of this kind is a distinct office of the court, not to be confused with the ministerial acts of filing and docketing. *Farmers Bank of Clayton v. McCullers, supra; Williams v. Atwood,* 52 Ga., 585.

The failure to comply with the mandatory terms of the statute and especially the want of rendition of judgment upon the statement and affidavit of the defendant is not a mere irregularity, but constitutes a fatal defect, rendering the proceeding of no effect as against creditors whose judgments were subsequently docketed.

The appealing defendants have raised no question here with regard to the situation brought about between parties and privies to the attempted confession of judgment, and we expressly refrain from passing upon such a question.

The judgment is

Affirmed.