HELEN ELIZABETH PULLEY v. CHARLIE HERBERT PULLEY.

(Filed 11 October, 1961.)

**1. Courts § 2—**

Jurisdiction may not be conferred upon a court by waiver or consent of the parties, but where the court has jurisdiction of the subject of the action and the parties are before the court, objections as to the **manner in** which the court obtained jurisdiction of the person or to mere informalities in the procedure or judgment may be waived, and a party may be estopped to attack the judgment on such grounds by failure to object in apt time and by acquiescence in the judgment after rendition.

**2. Divorce and Alimony § 16—**

The Superior Court of the county in which the parties reside has jurisdiction to order the payment of alimony by the husband to the wife. G.S. 50-1.

**3. Divorce and Alimony § 21; Judgments § 11— Husband may not attack decree of alimony by confession for want of verification or informalities.**

The Clerk of the Superior Court has authority to enter a judgment by confession directing a husband to pay alimony to his wife, G.S. 1-247, and where the husband appears before the court and confesses judgment for the payment of alimony in a stipulated amount on specified dates of each month and states that the confession is for an obligation for maintenance and support justly due by him to the wife pursuant to a deed of separation, and pays alimony in accordance with the judgment for a number of years, the husband is thereafter estopped from attacking the validity of the judgment by confession for want of verification or for irregularity of the judgment in adjudicating that the wife recover of the husband the sum stipulated rather than decreeing that the husband should pay to the wife the sum stipulated, there being no challenge of the judgment by the husband for fraud, mistake, or oppression, and

such judgment will support proceedings in contempt for willful failure of the husband to make payment of alimony as therein provided. The distinction is pointed out between an attack of the judgment by the husband who himself had confessed it, and an attack of the judgment by creditors of the husband.

APPEAL by plaintiff from *Morris, J.,* March 1961 Civil Term of ONSLOW.

Motion by plaintiff, dated 6 January 1961, praying the court to order the defendant to appear before it, and show cause, if any he can, why he should not be subject to contempt in wilfully failing to make payments of alimony to plaintiff, as required by a confession of judgment by defendant for such payments entered in the superior court of Onslow County on 11 July 1958. Service of notice of such motion was made on defendant on 6 January 1961 by the sheriff of Onslow County.

On 11 July 1958 plaintiff and defendant, who were then husband and wife, entered into a deed of separation, which states both parties were of Onslow County. The parts of which relevant to this appeal are either summarized or quoted verbatim, as follows:

PRELIMINARY PREMISES. On 21 March 1933 the parties were lawfully married, and thereafter lived together as man and wife. Many differences, irreconcilable controversies and incompatibilities have arisen and existed for an appreciable length of time, and do continue to exist between them, causing them to be very unhappy, by reason of which they have come to the conclusion that they can never live together happily and peacefully as man and wife. Therefore, believing that it is necessary to the health and happiness of both that they should separate and live apart, both parties agree that from this date they will live separate and apart from each other. "AND WHEREAS, the said husband has agreed to make provision for the support and maintenance of the said wife and to that end has this date confessed judgment before the clerk of the superior court of Onslow County, North Carolina, wherein he acknowledges an obligation to support the said wife and has consented that a judgment be entered against him that he pay to the said wife the sum of Sixty-two Dollars and Fifty Cents ($62.50) on the 3rd and 18th days of each and every succeeding month hereafter."

Therefore, in consideration of the premises and other valuable considerations the parties "mutually, solemnly and voluntarily" entered into the following agreements: They will henceforth live separate and apart. "SECOND: That with the exception of the provisions for her support and care set out in the premises hereto, the said wife hereby releases the said husband from all obligations to her for past, present and future support." They quitclaimed and released all rights each

had, or might have, in the property of the other. Defendant conveys to plaintiff all household furnishings and fixtures. Both parties signed the deed of separation. Both parties appeared before the clerk of the superior court of Onslow County on 11 July 1958, and acknowledged the due execution of the deed of separation, and the wife being by him privately examined separate and apart from her husband, touching her voluntary execution of it, stated she signed the same freely and voluntarily without fear or compulsion of her husband or any other person, and that she still voluntarily asserts thereto. The clerk certified that after an examination into the transactions therein set forth and agreed, and all matters pertaining thereto, it has been made to appear to his satisfaction, and he found as a fact that the deed of separation is not unreasonable or injurious to the wife, and signed it.

The confession of judgment is, as follows:

"I, Charlie Herbert Pulley, of Onslow County, North Carolina, the defendant in the above entitled action, do hereby confess judgment and authorize entry thereof, subject to further order of court as in such cases by law made and provided, in favor of Helen Elizabeth Pulley of Onslow County, North Carolina, the plaintiff herein, in the form of alimony in the sum of sixty-two dollars and fifty cents ($62.50) on the 3rd and 18th of each and every month hereafter from the 3rd day of July, 1958, for her maintenance and support.

"This confession is for an obligation for maintenance and support justly due by the defendant to the plaintiff and which obligation arose in the following manner, to wit:

"The plaintiff and the defendant were lawfully married each to the other in Clinton, Sampson County, North Carolina, on the 21st day of March, 1933, and thereafter lived together as husband and wife until the date hereof when as a result of many differences, irreconcilable controversies and incompatibilities which have arisen and have existed for an appreciable length of time and do continue to exist between the said parties hereto, causing them to be very unhappy by reason of which they have come to the conclusion and find as a fact that they can not ever live together happily and peaceably as man and wife and believing that it is necessary to the health and happiness of both of the said parties that they should separate and live apart from each other, both of the parties hereto have agreed that from the date hereof they will live separate and apart from each other forever hereafter as if they had never been married, and whereas, the said defendant herein fully realized his moral and legal obligation to provide adequate maintenance and support for the plaintiff herein and is desirous of fulfilling the said obligation and of giving evidence

of his good faith sufficient to satisfy the said plaintiff, the defendant herein has chosen this means of so doing.

/s/ Charley Herbert Pulley

Subscribed and sworn to
before me, this the 11th day
of July, 1958.

/s/ W. F. Justice

Signature of Officer

C. S. C.

Title of Officer
M. D. 16 Page 534."

The clerk's judgment reads:

"It appearing to the court from the confession of the defendant entered of record in this cause that the plaintiff and defendant were lawfully married each to the other in Clinton, Sampson County, North Carolina, on the 21st day of March 1933; that the plaintiff and defendant have on this date entered into a separation agreement whereby they have agreed with each other that they will live separate and apart from each other forever hereafter as if they had never been married; that the defendant is desirous of making provision of the support and maintenance of the plaintiff and to that end has authorized the entry of judgment that the defendant pay to the plaintiff the sum of Sixty-two Dollars and Fifty Cents on the 3rd and 18th days of each and every month from the 3rd day of July, 1958, as an obligation justly due by the defendant to the plaintiff for her support and maintenance;

"NOW, THEREFORE, upon the confession of the defendant entered of record in this cause and under the authority of and according to the terms of Section 1-247, Article 24, Chapter 1, of the General Statutes of North Carolina, it is ordered, adjudged and decreed that Helen Elizabeth Pulley, the plaintiff herein, have and recover of Charlie Herbert Pulley, the defendant herein, the sum of Sixty-two Dollars and Fifty Cents ($62.50) on the 3rd and 18th of each and every month from the 3rd of July, 1958, for her maintenance and support, together with the costs of this action.

"Given under my hand and official seal, this the 11th day of July, 1958.

/s/ W. F. Justice

Clerk of the Superior Court of
Onslow County, North Carolina.
M. D. 16 Page 534."

Plaintiff's motion states: Defendant has made all payments required by the judgment of confession up to and including the payment due on 3 December 1960, but since that date he has wilfully refused to make any payment, and payments required by his confession of judgment are now in arrears in the amount of $125.00. Defendant is amply able from his current income to make such payments.

It appears from the record that on 30 November 1960 in a county court in Johnston County defendant procured an absolute divorce from plaintiff on the ground of two years separation, G.S. 50-6.

Defendant filed an answer to the motion denying all its allegations, except such as conform to the record, and as a further answer and defense and for affirmative relief alleges:

The confession of judgment is void for: (a) It is not verified as required by G.S. 1-248; (b) It does not state facts sufficient to create an obligation to pay alimony as required by G.S. 1-248(2); (c) It is void for indefiniteness; (d) It does not come within the purview of orders and decrees which may be enforced by contempt proceedings. Wherefore, defendant prays that plaintiff's motion be denied, and that defendant's confession of judgment and the clerk's judgment be declared void and cancelled of record.

Plaintiff filed a lengthy reply to defendant's answer, and, *inter alia,* alleged that defendant made all the payments of alimony as required by his confession of judgment until a few days after he acquired from her an absolute divorce, and that now under all the circumstances he should be estopped to deny the validity of his judgment of confession, if it should be held improper, because to grant defendant the relief he requests in his answer would be to permit him to perpetuate a gross fraud upon her.

Judge Morris after an examination of the pleadings and after hearing oral argument states in his order he was of opinion that defendant's confession of judgment does not conform to the requirements.for a confession of judgment, but that it is a mere contract between the parties sanctioned by the court, constituting a consent judgment unenforceable by contempt. Wherefore, he ordered and adjudged that plaintiff's motion that defendant be held for contempt be, and it hereby is, dismissed.

Plaintiff excepted to his order, and from the order entered appealed.

*A Turner Shaw, Jr., and Ellis, Godwin & Hooper By: Glenn L. Hooper, Jr., for plaintiff, appellant.*

*Jones, Reed & Griffin for defendant, appellee.*

PARKER, J.  Plaintiff assigns as errors Judge Morris' conclusions and order.

G.S. 1-247 authorizes the entry of a judgment by confession for alimony, and provides that a wilful failure of the defendant to make payments of alimony, as required by such judgment, shall subject him, upon proper cause shown to the court, to such penalties as may be adjudged by the court as in any other case of contempt of its orders.

G.S. 1-248 provides: "A statement in writing must be made, signed, and verified by the defendant, to the following effect: 1. It must state the amount for which judgment may be entered, and authorize the entry of judgment therefor. 2. If it is for money due, or to become due, it must state concisely the facts out of which it arose, and must show the sum confessed is justly due, or to become due."

Defendant challenges the validity of his own judgment by confession for the payment of alimony on the grounds set forth above in the statement of facts.

Defendant relies upon *Gibbs v. Weston & Co.*, 221 N.C. 7, 18 S.E. 2d 698, where it is said in reference to a judgment by confession: "The verified statement is jurisdictional, both as to its filing and as to its contents. Citing authority. Since the proceeding is in derogation of common right, the statute authorizing this form of judgment must be strictly construed." In that opinion the Court further said, which is not quoted in defendant's brief: "The failure to comply with the mandatory terms of the statute and especially the want of rendition of judgment upon the statement and affidavit of the defendant is not a mere irregularity, but constitutes a fatal defect, rendering the proceeding of no effect *as against creditors* whose judgments were subsequently docketed." Emphasis ours.

Defendant also relies on *Smith v. Smith*, 117 N.C. 348, 23 S.E. 270, which was a proceeding by an administrator of the confessing debtor, representing creditors, to set aside a judgment confessed, because the confession does not state sufficiently the consideration of the note and that it was justly due. The Court after setting forth that the statutory requirement is that the confessed judgment must show the consideration, and the amount confessed is justly due and after stating that this is to prevent fraud in such cases, says, "If the statutory requirements are not complied with the judgment is irregular and void because of a want of jurisdiction in the court to render judgment, which is apparent on the face of the proceedings."

These two cases, and others relied on by defendant, where the challenges are made by creditors, are not controlling in the instant case, because, *inter alia*, the challenge to the validity of the confessed judgment here comes not from or in behalf of creditors of the confessing debtor, but from the defendant himself.

This Court said in *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673: " . . . It is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel." Citing many authorities.

This Court said in *Jones v. Brinson*, 238 N.C. 506, 78 S.E. 2d 334: "While it is true that no consent can give a court jurisdiction of the subject matter of an action which the court does not possess without such consent, it is equally true that a court may obtain jurisdiction over the person of a party litigant by his consent. This for the reason that it is a mere personal privilege of a defendant to require that he be served with process in a legal manner, and since it is a personal privilege — even though of a constitutional nature — he may consent to the jurisdiction of the court without exacting performance of the usual legal formalities as to service of process." Citing authorities. See *Waters v. McBee*, 244 N.C. 540, 94 S.E. 2d 640.

21 C.J.S., Courts, § 108, says: "Jurisdiction of the subject matter cannot be conferred upon a court by, or be based on, the estoppel of a party to deny that it exists. As to other objections to jurisdiction, there may be an estoppel, as in the case of objections to the manner in which, or the steps by which, the court obtained jurisdiction, or to the venue."

19 Am. Jur., Estoppel, § 77, says: "One who invokes or voluntarily submits to the exercise by a court of its jurisdiction upon a matter of which it has power to take cognizance is estopped from subsequently objecting thereto."

An absolute want of jurisdiction over the subject matter may be taken advantage of at any stage of the proceedings, even after judgment. However, "An objection to jurisdiction based on any ground other than lack of jurisdiction of the subject matter, such as lack of jurisdiction of the person or irregularity in the method by which jurisdiction of the particular case was obtained, is usually waived by failure to raise the objection at the first opportunity, or in due or seasonable time, or within the time prescribed by statute." 21 C.J.S., Courts, § 110.

In *Martin v. Briscoe*, 143 N.C. 353, 55 S.E. 782, there was a motion upon affidavit and notice to revive a dormant judgment, which defendant had confessed in favor of plaintiff. The verification was: "Sworn to and subscribed before me, this 14 November 1896. T. C. Smith, C.S.C." Confessing defendant contended that this verification was not sufficient to authorize the entry of judgment by confession, and that such judgment was void for want of jurisdiction. Upon hearing the cause

the clerk of the superior court held the judgment invalid and refused to revive it. On appeal to the judge this was reversed, and the defendant appealed. We affirmed the judge. In its opinion the Court with one Justice concurring in the result, and two dissenting, said: "We would not be understood as passing upon the question of the validity of such judgment confessed if it were attacked by a creditor, or even if the defendant had assailed it on the ground of fraud or imposition or denied the debt. We place this decision upon the ground of estoppel — the original affidavit by defendant that the debt was due the plaintiff, his acquiescence in the judgment for six years, his failure in this proceeding to deny the plaintiffs' allegation (made under oath) that the debt is still due, the absence of any averment by defendant of fraud, mistake or imposition, and the fact that if the judgment should be now held invalid, at defendant's instance, for informality, after having been entered at defendant's request, he would be protected by the statute of limitation."

In *Johnson v. Alvis*, 159 Va. 229, 165 S.E. 489, the Court said: "A defendant confessing judgment is estopped, in the absence of fraud, to question its validity on account of irregularities to which he did not object, or to dispute any facts set forth in the confession, and if, after the entry of the judgment, he ratifies or accepts it, or acquiesces in it, he is estopped to deny the authority on which it was confessed or otherwise to impeach its validity." To the same effect see *Sheldon v. Stryker*, 34 Barb. 116, 122; *Mullin v. Bellis*, 90 N.Y.S. 2d 27; *Yonkers Factors, Inc. v. Pugach*, 214 N.Y.S. 2d 820; *Risman v Krupar*, 45 Ohio App. 29, 186 N.E. 830; 49 C.J.S., Judgments, § 172.

In *Mullin v. Bellis, supra,* the defendant made a motion to set aside a judgment entered upon his confession of judgment, and one of his grounds for vacatur was the confession of judgment was signed but not verified, Civil Practice Act, § 541. Cahill-Parsons, N. Y. Civil Practice, contains The New York Civil Practice Act, § 541, which reads in part: "The statement must be verified by the oath of the defendant to the effect that the matters of fact therein set forth are true." The Court said: "In any event, a defendant cannot impeach a judgment which is based upon his signed statement even though it be unverified or unacknowledged." See *Los Angeles Adjustment Bureau, Inc. v. Noonan*, 5 West's Cal. Rptr. 445, (1960), which quotes from the *Mullin* case what we have quoted.

The deed of separation states both parties were of Onslow County. Therefore, the superior court of Onslow County had jurisdiction over the subject matter of the proceeding here, the payment of alimony. G.S. 50-1.

Defendant's confession of judgment is for the payment of specified

alimony, which is authorized by G.S. 1-247, it states he fully realizes his moral and legal obligation to provide adequate support for plaintiff, and that he confesses judgment therefor, stating it "is for an obligation for maintenance and support justly due by" him to her, and authorizes the entry of judgment by the court therefor. He invoked the exercise by the superior court of Onslow County of its undoubted jurisdiction upon a subject matter of which it had power to take cognizance. He made the payments of alimony required by his confessed judgment, and the entry of judgment therefor, from 18 July 1958 through 3 December 1960. On 30 November 1960 he obtained an absolute divorce from plaintiff. If this confessed judgment for alimony, and the entry of judgment therefor, should now be held invalid, at his instance, it would prevent, as he states in his brief, the enforcement by contempt of the payment of alimony to plaintiff by him, which defendant states in his confessed judgment is an obligation justly due by him to her. *Davis v. Davis*, 213 N.C. 537, 196 S.E. 819. Perhaps, a paraphrase of the aria Captain Macheath sings in Gay's "The Beggar's Opera," XIII, air XXXV, truly expresses defendant's feelings and desires, how happy could I be with my second wife, could I rid myself of the support of my first wife. The sums of alimony to be paid, as stated in the confessed judgment are definite — payments during her life, provided defendant survives her. Defendant makes no suggestion that there was any fraud, mistake or oppression.

The entry of judgment for the payment of alimony by the court, based on defendant's confessed judgment therefor, states plaintiff shall have and recover of defendant the specified payments of alimony, instead of ordering defendant to pay these amounts. This is an infelicitous choice of words and an irregularity, because the court's judgment before this states the defendant has confessed judgment for alimony, and "to that end has authorized the entry of judgment that the defendant pay to the plaintiff" the specified alimony, "an obligation for maintenance and support justly due by the defendant to the plaintiff for her support," and because further this language appears in the deed of separation: "AND WHEREAS, the said husband has agreed to make provision for the support and maintenance of the said wife and to that end has this date confessed judgment before the clerk of the superior court of Onslow County, North Carolina, wherein he acknowledges an obligation to support the said wife and has consented that a judgment be entered against him that he pay to the said wife the sum of Sixty-two Dollars and Fifty Cents ($62.50) on the 3rd and 18th days of each and every succeeding month hereafter."

It is to be understood that we are not passing upon the question of the

validity of the confessed judgment, and the entry of judgment thereon, if they were assailed by a creditor, or challenged by defendant on the ground of fraud, mistake, or oppression. We place our decision squarely upon the ground that defendant, under all the facts here, is estopped to question the validity of his own confessed judgment for alimony, and of the entry of judgment therefor by the superior court of Onslow County as authorized by him, and to question that the entry of judgment by the court on the confessed judgment is a court order to pay alimony.

The court below erred in not holding that defendant is estopped to question the validity of his own confessed judgment for alimony, and of the entry of judgment therefor by the court, and to question that the judgment entered by the court on his confessed judgment is an order of court for defendant to pay alimony, and in concluding that they are a mere contract between plaintiff and defendant constituting consent judgments unenforceable by contempt proceedings, and in ordering plaintiff's motion to show cause dismissed. The lower court will issue a show cause order as prayed in plaintiff's motion, and then have a hearing on such order according to law.

The order below is
Reversed.