M. E. CHURCH AND WIFE, ELLA CHURCH v. ADOLPH CHEEK AND WIFE, MRS. ADOLPH CHEEK

No. 7023SC255

(Filed 24 June 1970)

**Appeal and Error § 39— failure to docket record in apt time**

Appeal is dismissed for failure of appellant to docket the record on appeal within the time allowed by Rule 5 of the Court of Appeals.

APPEAL by plaintiffs from *McConnell, J.,* November 1969 Session of Superior Court held in YADKIN County.

This proceeding was instituted on 10 May 1954 to establish a boundary line between the lands of the parties. On 18 November 1954 an order of survey was entered herein by Judge Pless. On 15 November 1955, by consent of the parties, the cause was referred by Judge Rousseau. The referee heard evidence and made his report on 14 November 1956. A judgment confirming the referee's report and ordering a surveyor to establish the dividing lines was entered 11 February 1957 by Judge Craven. The order of Judge Craven directing a survey was not complied with, and on 20 November 1961 Judge Armstrong ordered another survey. The surveyor established the lines and made his report dated 14 May 1963. On 16 August 1963 plaintiffs excepted to the report of the surveyor. On 21 May 1964, by consent of the parties, Judge May entered an order directing that Earl L. Caudill establish the dividing line. On 17 August 1967 Judge Gambill entered an order in which he found that in an order dated 21 November 1964, Judge May had directed L. B. Grier to establish the dividing lines and that L. B. Grier was experiencing "some difficulty in complying with the orders of the court due to outside interference." Judge Gambill thereupon enjoined all of the parties hereto from interfering with L. B. Grier in performance of his duties under the order of the court.

On 20 November 1968, upon motion of defendants, Judge Collier

entered an order directing L. B. Grier to show cause, if any, on 27 November 1968 why he failed to comply with the order of the court.

On 27 November 1968 Judge Collier found that there was a controversy as to the location of the beginning point of the dividing line between the parties as found by the referee, R. Lewis Alexander. Without objection or exception, Judge Collier ordered that the matter be "re-submitted and referred back to said Referee for a finding and determination of a beginning point of the division line heretofore established between the lands of plaintiffs and of defendants and that said Referee shall report his finding and determination to this Court in the manner provided by law within thirty days from the date hereof."

On 20 November 1969 the referee, R. Lewis Alexander, made another report with a map attached showing the beginning point and also the dividing line between the parties by metes and bounds.

On 2 December 1969 Judge McConnell entered an order overruling the exceptions of plaintiffs and confirmed the report of the referee dated 20 November 1969.

*F. D. B. Harding, and Allen, Henderson & Allen by Hoke F. Henderson for plaintiff appellants.*

*Randleman, Randleman & Randleman by Richard N. Randleman for defendant appellees.*

MALLARD, C.J.

The judgment appealed from is dated 2 December 1969. This case was docketed by appellants in the Court of Appeals on 9 March 1970. Rule 5 of the Rules of Practice in the Court of Appeals requires that in the absence of an extension of time granted to do so, the record on appeal must be docketed within ninety days after the date of the judgment appealed from. No order appears in this record extending the time for docketing the record on appeal as provided in Rule 5.

This case has been pending many years, and many judges, surveyors, and lawyers have been involved in it. It is time that there should be an end to this litigation. Despite the failure of appellants to comply with the rules relating to docketing, we have considered all of their assignments of error, and no prejudicial error is made to appear.

However, for failure to comply with the Rules of Practice in this court, this appeal is dismissed.

Dismissed.

MORRIS and GRAHAM, JJ., concur.