JANET B. WHITEHEAD v. CHARLES D. WHITEHEAD

No. 71DC647

(Filed 12 January 1972)

1. Actions § 2; Parent and Child § 7; Rules of Civil Procedure § 68.1— child support order — children living in Bermuda — enforcement of order

The clerk of superior court had jurisdiction to enter an order requiring that a father residing in this State shall provide for the support of his children who were living in Bermuda and who had never been residents of the State, where the clerk had obtained *in personam* jurisdiction of the father, who had entered into a judgment by confession for the support of the children. G.S. 1A-1, Rule 68.1(a); U. S. Constitution, Art. IV, § 2.

2. Parent and Child § 7— child support — ratification by the father

A father who ratified and acquiesced in a child support judgment by making payments into the clerk's office pursuant thereto could not thereafter complain that the judgment was fatally defective.

**3. Appeal and Error § 39— dismissal of appeal — failure to docket in apt time**

Appeal is dismissed for failure of the defendant to docket the record on appeal within the time prescribed by Rule 5 of the Rules of Practice in the Court of Appeals.

**4. Divorce and Alimony § 22; Parent and Child § 7— child support order — imprisonment of father without notice and hearing**

Portion of a child support judgment which provided, upon the default of the father, for the father's imprisonment without notice and hearing was invalid.

APPEAL by defendant from *Carlton, Judge,* 26 May 1971 Session of District Court held in EDGECOMBE County.

This is a civil action heard on plaintiff's motion to attach the defendant as for contempt for his willful failure to comply with the court's order to support his minor children. Prior to the hearing on plaintiff's motion, the parties entered into the following pertinent stipulation:

"1. That plaintiff, Janet B. Whitehead, is a resident of Bermuda and has never been a citizen of the United States.

2. That defendant, Charles D. Whitehead, has been a resident of Edgecombe County since prior to June 11, 1969, and has been a citizen of the United States continuously since his birth.

3. That plaintiff and defendant were legally married in 1957 and that during their marriage three children were born (namely: (1) Jennifer Marie Whitehead, whose date of birth is October 10, 1957, (2) Liza Ann Whitehead, whose date of birth is February 21, 1961, and (3) Shelly Suzette Whitehead, whose date of birth is December 24, 1962).

4. That Jennifer Marie Whitehead was born in Bermuda but moved to the United States in 1958 and lived with defendant in the United States for four years.

5. That both Liza Ann Whitehead and Shelly Suzette Whitehead were born in the United States.

6. That defendant signed a paper writing purporting to be a 'Confession of Judgment' for the support of his three children on June 11, 1969, and that on the same date the Assistant Clerk of Superior Court of Edgecombe County

entered an Order upon said paper writing, a true copy of which is attached, marked as Exhibit A, and incorporated herein by reference.

7. That over the past fifteen months since the date set for the first payment under the paper writing purported to be a 'Confession of Judgment,' the defendant has made seven partial payments to said Clerk under said Order, but on eight other months defendant has not made any payments at all.

8. That defendant is presently employed as a bus driver, a position he has held for more than twelve months."

Exhibit A, referred to in the stipulation above, is as follows:

"EXHIBIT A — CONFESSION OF JUDGMENT

I, Charles D. Whitehead, the defendant in the above entitled action, do hereby confess judgment in favor of Janet B. Whitehead, the plaintiff herein, in the amount or amounts hereinafter provided, for support of my three children, and authorize the entry of judgment therefor.

This Confession of Judgment is for child support of my three children (namely: (1) Jennifer Marie Whitehead, whose date of birth is October 10, 1957; (2) Liza Ann Whitehead, whose date of birth is February 21, 1961; and (3) Shelley Suzette Whitehead, whose date of birth is December 24, 1962) which were born of my marriage with the plaintiff, who has custody of said children and resides at West Side, Somerset, on the Island of Bermuda. The indebtedness, confessed by this Judgment, shall become justly due by the defendant to the plaintiff on the fifth day of each month, beginning on the fifth day of July, 1969, and shall continue for each month thereafter until the oldest child shall reach the age of eighteen years, or shall marry, whichever first occurs, at which time the indebtedness due the plaintiff for such child support shall be reduced by the sum of Twenty-Five Dollars per month, until the second oldest child shall reach the age of eighteen years, or shall marry, whichever first occurs, at which time the indebtedness due the plaintiff for such child support shall be reduced further by the sum of Twenty-Five Dollars per month, until the youngest child shall reach the age of

eighteen years, or shall marry, whichever first occurs, at which time the indebtedness due the plaintiff by defendant for child support shall cease.

s/ CHARLES D. WHITEHEAD

(SWORN to on June 11, 1969.)

Upon the foregoing Confession of Judgment, IT IS NOW, ORDERED, ADJUDGED AND DECREED that the plaintiff shall have and recover of the defendant for support of the defendant's children which are in the custody of the plaintiff the sum of One Hundred Dollars ($100.00) per month, together with the cost of this action, beginning on the fifth day of July, 1969, and continuing on the fifth day of each and every month thereafter until the oldest child, Jennifer Marie Whitehead, shall reach the age of eighteen years or shall marry, whichever first occurs, after which time the plaintiff shall have and recover of the defendant the sum of Seventy-Five Dollars ($75.00) on the fifth day of each and every month thereafter for support of the defendant's two remaining children, until such time as the second oldest child, Liza Ann Whitehead, shall reach the age of eighteen years or shall marry, whichever first occurs, after which time the plaintiff shall have and recover of the defendant the sum of Fifty Dollars ($50.00) on the fifth day of each and every month thereafter for support of the defendant's remaining child, until such time as the youngest child, Shelley Suzette Whitehead, shall reach the age of eighteen years or shall marry, whichever first occurs.

It is further ORDERED that the child support payments due the plaintiff by defendant pursuant to this judgment shall be paid into the office of the Clerk of Superior Court of Edgecombe County for plaintiff's benefit.

This the 11th day of June, 1969.

s/ ROBERT C. WEAVER
Asst. Clerk of Superior Court
of Edgecombe County."

On 26 May 1971, after hearing on plaintiff's motion, Judge Carlton made findings of fact and entered an order in pertinent part as follows:

"Now THEREFORE, IT IS ORDERED AND ADJUDGED that Charles D. Whitehead is guilty as for contempt of this Court under the provisions of North Carolina General Statutes Section 5-8, by reason of his possession of the means and ability to comply with the former Court Order in this action, . . . and that such failure is wilful and impedes, impairs, and prejudices the rights of the plaintiff, and in that the defendant has failed to pay for the benefit of the plaintiff, child support in the sum of One Hundred Dollars ($100.00) he is now in default and in arrears in the total sum of Two Thousand One Hundred Twenty-Five Dollars ($2,125.00).

IT IS FURTHER ORDERED AND ADJUDGED that Charles D. Whitehead may purge himself of his contempt by paying into the Office of the Clerk of Superior Court of Edgecombe County for the benefit of the plaintiff, the balance of the arrears at the rate of Fifty Dollars ($50.00) per month in addition to the current support payments in the sum of One Hundred Dollars ($100.00) per month, such additional sum becoming payable on the 5th day of each month hereafter beginning on the 5th day of June, 1971, and continuing until such time as the total amount of arrearage shall be eliminated.

IT IS FURTHER ORDERED AND ADJUDGED that should Charles D. Whitehead fail or neglect to make any of the payments as aforesaid, or any part thereof, then and in that event, on the affidavit of the plaintiff showing such noncompliance and default on the part of the defendant, an Order of Commitment shall be issued to the Sheriff of Edgecombe County, or to the Sheriff of the County where the defendant may be found directing such Sheriff to detain the defendant in custody in the County Jail of such county until he shall have paid such portion of the support payments as shall have accrued from the date of this Judgment and remains unpaid at the time of such commitment, or until he shall have otherwise been discharged according to law."

The defendant appealed to the Court of Appeals.

*Battle, Winslow, Scott & Wiley by Charles F. Lee and Samuel S. Woodley for plaintiff appellee.*

*Bridgers & Horton by H. Vinson Bridgers and Perry Jenkins for defendant appellant.*

HEDRICK, Judge.

[1]  The defendant first contends that since his children had never been residents of the State of North Carolina the clerk of the superior court lacked jurisdiction to enter the order dated 11 June 1969 regarding their support. We do not agree.

G.S. 1-247 (now G.S. 1A-1, Rule 68.1(a)) in pertinent part provided:

> "A judgment by confession may be entered for alimony or for support of minor children, and when the same shall have been entered as provided by this article, such judgment shall be binding upon the defendant, and the failure of the defendant to make any payments, as required by such judgment, shall, upon proper cause shown to the court, subject him to such penalties as may be adjudged by the court. . . . "

Nonresidents have the right to bring an action in our courts as one of the privileges guaranteed to citizens of the several states by the Constitution of the United States, Article IV, Section 2. *Howle v. Express, Inc.*, 237 N.C. 667, 75 S.E. 2d 732 (1953); *Bank v. Appleyard*, 238 N.C. 145, 77 S.E. 2d 783 (1953); *Thomas v. Thomas*, 248 N.C. 269, 103 S.E. 2d 371 (1958).

In *Thomas v. Thomas, supra,* Denny, J., later C.J., quoted with approval from *Goodman v. Goodman,* 15 N.J. Misc. 716, 194 A 866, as follows:

> " 'So far as jurisdiction over the defendant is concerned, the cause of action differs in no respect from a creditor's cause of action for collection of an ordinary debt. * * *

> " 'The common-law obligation of a man to support his wife follows him wherever he goes, and if he comes to New Jersey he is liable also for the support of his children under our statutory provisions. If this court secures jurisdiction over his person, or seizes his property located in this State, it may enforce both of these obligations against his person or his property as the case may be, whether wife or children be domiciled in New Jersey or elsewhere. . . . ' "

We think it is clear that having obtained *in personam* jurisdiction of the defendant, the clerk had jurisdiction to enter an

order providing for the support of the defendant's children even though the children were nonresidents of the State.

**[2]** The defendant next contends that the "confession of judgment signed by the defendant, Charles D. Whitehead, was fatally defective in that the defendant failed to state the amount for which the judgment may be entered," and that the order of the assistant clerk of the superior court entered pursuant thereto is void. In *Pulley v. Pulley,* 255 N.C. 423, 121 S.E. 2d 876 (1961), the North Carolina Supreme Court held that where a husband ratifies, accepts, or acquiesces in a decree of alimony by confession, he is estopped, in absence of a showing of fraud, mistake or oppression, to challenge the validity of the judgment on the grounds of informalities or irregularities in either the confession of judgment or the decree itself.

In the present case the defendant does not contend that there was any fraud, mistake or oppression regarding the entry of the judgment dated 11 June 1969; moreover, there is evidence in the record that he ratified, accepted and acquiesced in the judgment by making payments into the office of the clerk pursuant thereto.

The record reveals that on 1 and 2 September 1970 the defendant moved in the District Court of Edgecombe County to have the order of the Clerk of Superior Court of Edgecombe County, dated 11 June 1969, vacated and set aside on the grounds that the clerk lacked jurisdiction to enter the order and that the order was void because the "Confession of Judgment" upon which it was based did not meet the requirements of G.S. 1-247, 248 and 249 (now G.S. 1A-1, Rule 68.1).

**[3]** On 1 March 1971, the court entered an order denying the defendant's motions, and the defendant appealed to this Court. The record on appeal was not docketed in the Court of Appeals until 16 August 1971 which is more than 150 days from the date of the order from which the defendant undertook to appeal. This appeal is dismissed for failure of the defendant to docket the record on appeal within the time prescribed by Rule 5 of the Rules of Practice in the Court of Appeals. *Church v. Cheek,* 8 N.C. App. 581, 174 S.E. 2d 650 (1970) ; *Osborne v. Hendrix,* 4 N.C. App. 114, 165 S.E. 2d 674 (1969).

We hold the defendant is now estopped to deny the validity of the order requiring him to support his three children at the rate of $100.00 per month.

[4]  That portion of the order appealed from which states:

"IT IS FURTHER ORDERED AND ADJUDGED that should Charles D. Whitehead fail or neglect to make any of the payments as aforesaid, or any part thereof, then and in that event, on the affidavit of the plaintiff showing such noncompliance and default on the part of the defendant, an Order of Commitment shall be issued to the Sheriff of Edgecombe County, or to the Sheriff of the County where the defendant may be found directing such Sheriff to detain the defendant in custody in the County Jail of such county until he shall have paid such portion of the support payments as shall have accrued from the date of this Judgment and remains unpaid at the time of such commitment, or until he shall have otherwise been discharged according to law."

is erroneous and must be stricken for it provides for the imprisonment of the defendant without notice and hearing. For the reasons stated, the order appealed from is modified and affirmed.

Modified and affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.