Cromer v. Cromer

JANET CAROLYN R. CROMER (HERMAN) v. JACK S. CROMER

No. 8010DC478

(Filed 4 November 1980)

1. **Divorce and Alimony § 23– motion to increase child support – defendant in Hawaii – personal jurisdiction in N.C. court**

    The trial court properly exercised personal jurisdiction over defendant in plaintiff's action for increased child support and for attorney fees, and properly issued further orders for garnishment and for defendant's arrest, since the documents filed in this cause did not initiate a new cause of action; in defendant's earlier confession of judgment for the support of his two minor children, he stated that he was formerly a resident of Wake County, N.C.; the judgment further stated that the amount of support paid by defendant should be subject to change from time to time, based upon the income of defendant and the needs of the children; the judgment was a court decree of the Wake County District Court; and jurisdiction over the person of defendant began and remained with the N.C. court when defendant knowingly and voluntarily signed the confession of judgment pursuant to G.S. 1A-1, Rule 68.1. Furthermore, defendant was properly served by mail where a copy of the motion in the cause, notice of the initial hearing, the order to appear and produce documents, and the order denying defendant's motion for a stay were mailed to defendant at his last known address.

2. **Divorce and Alimony § 24.3; Judgments § 11– confession of judgment for child support – judgment binding**

    There was no merit to defendant's contention that his confession of judgment and subsequent entry of judgment were defective and not binding on him, since defendant acknowledged in the instrument that he had read it and the matters contained therein were true to the best of his knowledge; for years defendant paid the monthly installments for child support without challenge to the judgment; and defendant's challenge to the confession of judgment did not show fraud, mistake or oppression.

3. **Army and Navy § 1; Divorce and Alimony § 24.5– motion to increase child support – motion to stay hearing pursuant to Soldiers and Sailors Civil Relief Act – denial proper**

    In a hearing on plaintiff's motion to increase child support, the trial

judge did not abuse his discretion in denying defendant's motion to stay the proceedings pursuant to the Soldiers and Sailors Civil Relief Act of 1940, though defendant was on active duty with the U.S. Navy in Hawaii and stated that he was unable to attend the hearing on plaintiff's motion, since the trial judge found that defendant was voluntarily enlisted and had no plans to retire for the next seven years; defendant was entitled to thirty days' leave each year; and defendant had military transportation available to him at reduced or no cost.

APPEAL by defendant from *Parker (John H.), Judge.* Order entered 5 March 1980 in District Court, WAKE County. Heard in the Court of Appeals 10 October 1980.

This is a civil action for an increase in child support. Plaintiff and defendant were divorced in 1971. On 21 June 1971 the defendant confessed judgment for support of his two minor children, although the judgment was not filed until 16 May 1974. The judgment provided for child support payments of $250 per month, and further provided that the amount was subject to change, based upon the income of the defendant and the needs of the children. Plaintiff, on 25 September 1979, filed a motion in the cause and a notice of hearing. An order for defendant to appear in the district court was also issued on that date. The notice of hearing set the time of hearing for 5 November 1979. Plaintiff also filed a certificate of service indicating that copies of the motion, notice and order had been mailed to the defendant at his last known address.

By letter dated 26 October 1979 addressed to the presiding judge of the Wake County District Court, the defendant requested a stay of proceedings pursuant to the Soldiers and Sailors Civil Relief Act of 1940, stating that he was on active duty with the United States Navy in Hawaii and unable to attend the November hearing. Defendant's letter acknowledged: "I have been summoned to appear as a named defendant in the matter of *Cromer v. Cromer,* file No. 79CVD5719."

On 6 November 1979, the presiding judge entered an order denying defendant's motion and ordered the defendant to appear in the Wake County District Court on 21 November 1979. The defendant did not appear. On 27 November 1979, the presiding judge issued an order for the arrest of the defendant and an order providing for an increase in the child support payments to $525 per month, requiring the defendant to pay all medical and

dental expenses incurred by either of the children, and ordering the defendant to pay plaintiff's attorney the sum of $500. Defendant was not present or represented at the hearing.

On 10 January 1980, the plaintiff initiated garnishment proceedings against the defendant based on the order of 27 November 1979. The defendant did not respond to or otherwise participate in the garnishment proceedings. On that same date, in a special appearance under G.S. 1A-1, Rule 12(b), defendant filed a motion to dismiss this action, contending the court had not acquired personal jurisdiction. A supplement to the motion to dismiss was filed 19 February 1980.

On 5 March 1980, the trial judge denied defendant's motion to dismiss and issued an order of garnishment of 40% of the defendant's net disposable earnings. Defendant's appeal was entered on the same day.

*Tharrington, Smith & Hargrove, by J. Harold Tharrington and Carlyn G. Poole, for plaintiff appellee.*

*Hatch, Little, Bunn, Jones, Few & Berry, by John B. Ross, for defendant appellant.*

HILL, Judge.

[1] Defendant contends the trial court erred in refusing to dismiss plaintiff's action for increased child support and for attorney fees, and in issuing the further orders for garnishment, and for his arrest for the reason that defendant has not been properly served. Defendant's contention raises the issue of whether the trial court properly exercised jurisdiction over the person of the defendant. We find the defendant's contention to be without merit. The trial court properly exercised personal jurisdiction.

The defendant is a chief petty officer in the U.S. Navy, stationed aboard the U.S.S. Skate (SSN-578) in Pearl Harbor. Defendant claims Wyoming as his official residence. The notice of hearing was mailed to the U.S.S. Sea Dragon (SSN-584).

Defendant contends this proceeding is a new civil action and that G.S. 1A-1, Rule 4(j) requires that initial pleadings, when mailed to an out-of-state defendant, be mailed by "registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee only."

"[W]here a statute provides for service of summons ... by designated methods, the specified requirements must be complied with or there is not a valid service." (Citation omitted.)

*Guthrie v. Ray*, 293 N.C. 67, 69, 235 S.E. 2d 146 (1977). Defendant argues that service of process on him was ineffective because he was not served in accordance with the statutory requirement.

In the confession of judgment, defendant states that he was formerly a resident of Wake County, North Carolina, and is now on active duty with the U.S. Navy. The judgment further states that the amount of support paid by defendant "shall be subject to change from time to time, based upon the income of the defendant and the needs of the children." The judgment was a court decree of the Wake County District Court.

The documents filed in this cause do not initiate a new cause of action and need not meet the same requirements as service of process in a new cause. It is well settled that a judgment concerning the custody or support of a minor child is not final but may be altered by the showing of a substantial change of circumstances. *Stanback v. Stanback*, 287 N.C. 448, 456, 215 S.E. 2d 30 (1975). Jurisdiction over the person of the defendant began and remained with the North Carolina court when the defendant knowingly and voluntarily signed a confession of judgment pursuant to G.S. 1A-1, Rule 68.1. *Pulley v. Pulley*, 255 N.C. 423, 429, 121 S.E. 2d 876 (1961).

G.S. 1A-1, Rule 5(b) provides, among other things, that:

With respect to all pleadings subsequent to the original complaint and other papers required or permitted to be served ... service upon ... a party may also be made by delivering a copy to him or by mailing it to him at his last known address ... .

Regarding service by mail, Rule 5(b) states that it is complete "upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service." The certificate of service and affidavit provided by plaintiff's attorney plainly indicate that a copy of the motion in the cause, notice of the initial hearing, the order

to appear and produce documents, and the 6 November order denying defendant's motion for a stay were mailed to the defendant at his last known address, the U.S.S. Sea Dragon. The defendant does not deny receipt of the papers and, in fact, acknowledges receipt. Defendant was properly served.

[2] Defendant argues next that the confession of judgment and the subsequent entry of judgment are defective and not binding on him. However, defendant acknowledged in the instrument that he had read it and the matters contained therein were true to the best of his knowledge. For years defendant paid the monthly installments for child support without challenge to the judgment.

In *Whitehead v. Whitehead*, 13 N.C. App. 393, 399, 185 S.E. 2d 706 (1972), this Court held that a husband who has ratified, accepted or acquiesced in a child support decree by confession is estopped to challenge the validity of the judgment on the ground of informalities or irregularities in either the confession of judgment or the decree itself. To be effective the challenge to the confession of judgment must show fraud, mistake or oppression. *See also Pulley, supra.* Defendant has not pleaded any of these defenses. The defendant was properly before the court and under its jurisdiction.

Defendant argues further that the presiding judge of the Wake County District Court erred when he found that defendant's letter of 26 October 1979 seeking relief under the Soldiers and Sailors Civil Relief Act of 1940, 50 U.S.C. App., Section 521 [hereinafter Act], constituted a voluntary appearance and denied his motion for a stay. We do not address the issue of whether the letter constituted a general appearance. As we stated earlier, the district court gained personal jurisdiction of defendant when the confession of judgment was signed.

[3] We do not find error in the presiding judge's action denying defendant's application pursuant to the Act. "The Act cannot be construed to require continuance on mere showing that the defendant [is] ... in the military service." *Boone v. Lightner*, 319 U.S. 561, 87 L. Ed. 1587, 63 S. Ct. 1223, *reh. denied* 320 U.S. 809 (1943). "While the Act mandates a continuance ... where military service would cause a party to be absent, it also empowers the trial judge to deny the continuance if, in his opinion, 'the

---

---

ability of the ... defendant to conduct his defense is not materially affected by reason of his military service.' " *Booker v. Everhart,* 33 N.C. App. 1, 8, 234 S.E. 2d 46 (1977), *rev'd on other grounds* 294 N.C. 146, 240 S.E. 2d 360 (1978).

The presiding judge found that defendant is voluntarily enlisted and has no plans to retire for the next seven years. The judge further found that defendant is entitled to thirty days' leave each year and has military transportation available to him at reduced or no cost. Based on the facts, the judge did not abuse his discretion in denying the stay. In fact, it appears to this Court that the judge was generous in delaying the hearing until 21 November 1979, and that defendant's use of the Act was dictated by strategy rather than the necessities of military service. Such use was improper. *See Booker,* at p. 9.

For the reasons set out above, the orders of the presiding judge addressed herein are affirmed.

The orders of the trial court are

Affirmed.

Judges ARNOLD and MARTIN (Harry C.) concur.