JANET CAROLYN R. CROMER (HERMAN) v. JACK S. CROMER

No. 114

(Filed 2 June 1981)

**Army and Navy § 1; Divorce and Alimony § 24.5— order to increase child support —motion to stay hearing pursuant to Soldiers' and Sailors' Civil Relief Act— reconsideration required**

Orders of the trial court increasing the amount of child support, ordering defendant's arrest, and garnishing defendant's earnings are vacated, and the matter is remanded for a new hearing on plaintiff's motion in the cause for increased child support and reasonable counsel fees so that defendant, who was

stationed with the U.S. Navy in Hawaii and who attempted to obtain a stay of the proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, may be given proper notice and may be afforded a reasonable opportunity to be heard.

ON petition for discretionary review pursuant to G.S. 7A-31 of the decision of the Court of Appeals, 49 N.C. App. 403, 271 S.E. 2d 541 (1980), allowed by this Court on 3 March 1981. The decision of the Court of Appeals affirmed an order entered by *Parker, J.,* in District Court, WAKE County, on 5 March 1980, ordering the United States Navy to garnish the defendant's wages each month in an amount equal to forty per cent of defendant's net disposable earnings. The garnished wages were to be sent to the plaintiff as child support. The order of garnishment was an extension of an earlier order of the court dated 27 November 1979, which, among other things, increased the defendant's payments for child support from $250.00 per month under an earlier confession of judgment to $525.00 per month, ordered his arrest and authorized his release upon the posting of a $10,000.00 bond.

*Hatch, Little, Bunn, Jones, Few & Berry, by John B. Ross, attorneys for the defendant appellant.*

*Tharrington, Smith & Hargrove, by J. Harold Tharrington and Carlyn G. Poole, attorneys for the plaintiff appellee.*

PER CURIAM.

Defendant is a chief petty officer and is "Chief of the Boat" of the nuclear submarine USS Skate, homeported in Hawaii. Prior to the entry of the order of 6 November 1979, defendant attempted to obtain a stay of the proceedings under § 521 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501-91 (1976). The Court of Appeals affirmed the trial court's denial of defendant's application on the basis that defendant's military service did not materially affect his ability to conduct his defense. It appeared to the Court of Appeals "that defendant's use of the Act was dictated by strategy rather than the necessities of military service." 49 N.C. App. at 408, 271 S.E. 2d at 544.

Attached to the defendant's petition for discretionary review to this Court was a letter from the defendant's commanding of-

ficer dated 14 November 1979 and addressed to the presiding judge. To that letter is attached an affidavit. Both of these documents appear in the defendant's petition for discretionary review and are mentioned in the briefs of both parties before this Court. That letter and the attached affidavit read as follows:

SSN578/GJR:bsm
1300
Ser: 524-79
14 NOV 79

From: Commanding Officer, USS SKATE (SSN 578)
To:    Presiding Judge, District Court, Wake County, North Carolina

Subj: ETCS(SS) Jack S. CROMER, USN, 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

Ref:   (a) Wake County District Court Order 79 CVD5719

1. Reference (a) directs ETCS(SS) Jack S. CROMER, USN to report to Wake County District Court on 21 November 1979 in response to a request by his ex-wife for an increase in child support payments.

2. Due to operational commitments during the next month and reduced manning during the holiday leave period, it is not possible to grant ETCS(SS) CROMER leave at this time. The earliest foreseeable time for ETCS(SS) CROMER to be granted leave would be after 1 January 1980.

G. R. FISTER

Enclosure (1) to
Affidavit of George R. Fister

DEPARTMENT OF THE NAVY
SUBMARINE SQUADRON ONE
FPO SAN FRANCISCO 96601

AFFIDAVIT

Comes now Commander GEORGE R. FISTER, U.S. Navy, being first duly sworn deposes and says:

1. I am the Commanding Officer of USS SKATE (SSN 578) which is homeported at Pearl Harbor, Hawaii;

2. ETCS Jack S. CROMER, U.S. Navy, is an enlisted member of my crew who is serving in the position of Chief of the Boat;

3. There is only one (1) Chief of the Boat in each submarine and that person serves as the primary interface between officer and enlisted personnel;

4. ETCS Cromer is an indispensable member of the crew and is not permitted to take leave except during those periods the ship is not at sea;

5. On November 14, 1979, ETCS Cromer showed me various papers from District Court in Wake County, North Carolina, wherein it was stated that he was required to appear in court on November 21, 1979;

6. USS SKATE (SSN 578) was scheduled for operations at sea during the last two weeks of November and I advised ETCS Cromer, he would not be permitted to take leave;

7. On November 14, 1979, I addressed a letter to the Presiding Judge, Wake County District Court, Raleigh, North Carolina, in which I stated that ETCS Cromer could not be present on November 21, 1979, due to operational commitments of the ship. Enclosure (1) is a copy of my letter which was mailed in a U.S. Government franked envelope deposited in the U.S. Mail in Honolulu, Hawaii.

8. On November 14, 1979, I directed ETCS Cromer to write a letter to the Presiding Judge pointing out the inaccuracies in the court documents he received.

Further affiant sayeth not.

Done this 31st day of March, 1980, in Pearl Harbor, Hawaii.

s / GEORGE R. FISTER

Subscribed and sworn to before
me this 31st day of March, 1980.

s / JAMES N. HAUSLER                    (SEAL)
Notary Public, State of Hawaii
My commission expires: November 16, 1982

The foregoing letter and affidavit are a part of the petition for discretionary review and were discussed in the briefs filed with this Court but were not a part of the record on appeal. Apparently the letter and affidavit do not appear in any lower court file. This omission is not explained in the record before us. On oral argument before this Court, defendant's counsel explained that he was unaware of these documents at the time the order was entered. He became aware of them and made their existence known to the judge of the district court after the hearing, and before the record on appeal was settled. We believe the trial court might have proceeded in another manner had it been aware of these documents. We believe that the trial court should reconsider the matter with the benefit of the foregoing letter and affidavit. In our supervisory capacity and in the interest of justice, we find it necessary to reverse the Court of Appeals.

The decision of the Court of Appeals is reversed. The order of Parker, J., dated 27 November 1979 increasing the amount of child support and ordering defendant's arrest and his order dated 5 March 1980 garnishing defendant's earnings are vacated. This matter is remanded to the Court of Appeals with instructions that it be further remanded to the District Court, Wake County for a new hearing on plaintiff's motion in the cause for increased child support and reasonable counsel fees. The District Court will ensure proper notice to the defendant and afford him a reasonable opportunity to be heard.

Reversed and remanded.