Pierce v. Pierce

---

---

SUSAN WOOD PIERCE v. ERVIN CRAIG PIERCE

No. 8118DC1237

(Filed 21 September 1982)

1. **Abatement § 3; Divorce and Alimony § 24.3; Judgments § 11— confession of judgment for child support—judgment binding—subsequent action to enforce separation agreement abated**

     Where a judgment by confession was entered against defendant concerning child custody and support, it was error for the court not to abate a subsequent action for custody since the parties were bound by the judgment by confession until the court made some order for custody and since the same parties had the same cause of action pending. G.S. 1A-1, Rule 68.1.

2. **Divorce and Alimony § 27— child support action—award of attorney's fees—no finding of insufficient means**

     In an action for child support, the trial court erred in entering an award of attorney's fees for plaintiff where the court did not find as a fact that the plaintiff did not have sufficient means to defray the expenses of counsel.

3. **Contempt of Court § 8— punishing summarily for contempt—error**

     The court erred in punishing the defendant summarily for contempt since G.S. 5A-14 requires that before the court may punish a person summarily for contempt, the court must give the person notice of the charges and an opportunity to respond, and the record disclosed that neither was given to the defendant.

APPEAL by defendant from *Cecil, Judge*. Judgment entered 18 September 1981 in District Court, GUILFORD County. Heard in the Court of Appeals 3 September 1982.

The parties to this dispute executed a separation agreement on 23 December 1980 under which the plaintiff received custody of the parties' minor child. The separation agreement also provided that the defendant would pay $55.00 per week to the plaintiff for the support of the child and that he would assume certain other obligations. On 30 December 1980 a judgment by confession was entered against the defendant under the terms of which the plaintiff received custody of the child and defendant was ordered to pay $55.00 per week to the plaintiff and he was ordered to assume the other obligations as provided in the separation agreement. On 28 May 1981 an order was issued to the defendant to show cause why he should not be held in contempt for violating the judgment by confession. On 28 May 1981 the plaintiff filed a civil action to enforce the separation agreement. She asked for custody of the child, attorney fees, and an equitable decree ordering the defendant to perform the separation agreement. In his answer the defendant moved to dismiss the complaint on the ground it failed to state a claim upon which relief can be granted.

The court held a hearing on 15 September 1981. The court on its own motion consolidated the civil action and the judgment by confession. It did not consider the contempt citation but found the defendant had not complied with the terms of the separation agreement. The court awarded custody of the child to the plaintiff. It made findings of fact as to the needs of the child and the separate estates of the parties and ordered the defendant to pay $280.00 per month for child support. The court also ordered the defendant to comply with the other provisions of the separation agreement and to pay $175.00 in attorney fees for the plaintiff.

After the hearing was completed, the court entered an order in which it found that the hearing was set for 1:30 p.m. on 15 September 1981 and the defendant did not appear in court until 1:55 p.m.; that the defendant did not offer any excuse for being late, which tardiness delayed and impeded the court. The court held the defendant in contempt and ordered him to forfeit $25.00 to Guilford County.

The defendant appealed.

*Byerly and Byerly, by W. B. Byerly, Jr., for plaintiff appellee.*

*Wyatt, Early, Harris, Wheeler and Hauser, by A. Doyle Early, Jr., for defendant appellant.*

WEBB, Judge.

[1] We hold it was error not to dismiss the action to enforce the separation agreement. A judgment by confession had been entered against the defendant pursuant to G.S. 1A-1, Rule 68.1. This gave the plaintiff a judgment on all issues raised in the complaint. *See Cromer v. Cromer*, 49 N.C. App. 403, 271 S.E. 2d 541 (1980), *rev'd on other grounds*, 303 N.C. 307, 278 S.E. 2d 518 (1981) and *Whitehead v. Whitehead*, 13 N.C. App. 393, 185 S.E. 2d 706 (1972). When the relief sought in an action has been granted, the action should be dismissed. *See In re Peoples*, 296 N.C. 109, 250 S.E. 2d 890 (1978) and *Crew v. Thompson*, 266 N.C. 476, 146 S.E. 2d 471 (1966). The judgment by confession purported to grant custody of the child to the plaintiff. This judgment did not deprive the district court of jurisdiction to determine custody, *Winborne v. Winborne*, 41 N.C. App. 756, 255 S.E. 2d 640 (1979), *cert. denied*, 298 N.C. 305, 259 S.E. 2d 918 (1979), but the parties, having agreed to it, were bound by its provisions until the court made some order for custody. *See Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). The judgment by confession placed the custody issue before the court so that it retained jurisdiction to determine custody. It was error not to abate the subsequent action for custody. *See* 1 Strong's N.C. Index 3d, *Abatement* § 3 (1976) and the cases cited therein for a discussion of the abatement of an action when the same parties have the same cause of action pending. The court upon remand may determine whether the defendant is in contempt of court for violating the judgment by confession.

[2] The defendant also assigns error to the award of attorney fees to the plaintiff. We believe this assignment of error has merit. The court did not find as a fact that the plaintiff did not have sufficient means to defray the expenses of counsel. It was error to award counsel fees without such a finding. *See Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980).

[3]   The defendant also assigns error to the court's finding him in contempt for being late to court. We believe this assignment of error has merit. The court punished the defendant summarily for contempt. G.S. 5A-14 requires that before the court may punish a person summarily for contempt, the court must give the person "summary notice of the charges and a summary opportunity to respond . . . ." The record discloses that no notice or opportunity to respond was given to the defendant. It was error to hold him in contempt.

We reverse and remand for an order consistent with this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.